## CIRCUIT COURT OF HENRICO COUNTY

Henrico County

    v.

Ronald H. Brown

October 28, 1982

Case No. 82-M-563

By JUDGE E. BALLARD BAKER

On June 1, 1982, Ronald Brown was found guilty of petit larceny in the Henrico General District Court and given a $25.00 fine. He was also sentenced to 30 days in jail, suspended, after waiving his right to counsel. No appeal was taken.

On July 28, 1982, Brown, by counsel, made application to have his case reopened pursuant to § 16.1-133.1. The contention was that he was not aware of the 10 day limitation on his right to appeal.

On July 30, 1982, the motion to reopen was denied by the same Judge who tried the case on June 1. Appeal was taken to this action.

On October 6, 1982, this Court heard Brown's testimony in support of his appeal. His testimony is that he was tried without an attorney on June 1, he did sign a paper which he says he did not read, he does not recall what the Judge said about an appeal, he does not recall any explanation by the Judge of his right to appeal, and he was not aware of the 10 day limitation. He admits that the Judge read the charges to him, and advised him of his right to an attorney,

and presented to him some paper he signed without reading. (Ex. 1).

Brown further testified that no evidence was heard on July 30, when the motion to reopen was heard and denied.

Brown's point is that he was not advised of his right to appeal the conviction of June 1, 1982, and the 10 day limitation, and that this is a denial of a constitutional right.

Section 16.1-132 allows an appeal within 10 days of any conviction of ". . . an offense not felonious. . ." and also permits an appeal ". . . from any order or judgment of a court not of record forfeiting any recognizance or revoking any suspension of sentence."

Section 16.1-133.1 allows a General District Court to reopen a case within 60 days ". . . for good cause shown" and requires the Judge who presided at the trial to hear the application if he is available.

Rule 3A:26 provides the Rule whereby an appeal may be taken "Upon conviction in a court not of record. . ." This Rule provides that the case shall be tried de novo in the court of record.

Nothing in the Code or Rules authorizes an appeal from a denial by a court not of record to a motion to reopen under § 16.1-133.1.

In 4 Am. Jur., Appeal and Error, § 126, the following appears:

> In the absence of statutory authority directly or indirectly controlling the question, an order denying a motion to vacate, open or set aside a judgment has been held not directly appealable. In some cases the rule has been stated or applied that an order denying a motion to vacate a decision which is itself appealable is not appealable.

The view has also been taken while such an order is appealable technically, since it involves the trial court's discretion it should not be reviewed except for abuse of discretion.

This seems particularly appropriate here. There is a statutory right of appeal available to litigants. This Court is not aware of any requirement that there be any statutory provision for reconsideration of the decision of a court not of record, but Virginia provides one in § 16.1-133.1. Unless a provision for reconsideration be constitutionally required, the granting of such provision without providing for an appeal from a denial of reconsideration seems unobjectionable. Section 16.1-133.1 provides for reconsideration, but no appeal provision is given.

Consequently, this Court concludes that there is no right to appeal a decision not to reopen under § 16.1-133.1.

Even if it was appealable, as applied here, all that would be before the Court is whether, as a matter of discretion, the conviction should be reconsidered and the case retried in the General District Court. This Court cannot put itself in the position of the Judge who tried the case resulting in the conviction. It has nothing before it but the testimony of Brown in the Circuit Court as to his recollections of what happened at his trial, and that there was no testimony at the Motion to Reconsider. This is inadequate to support a finding that discretion was abused.

An Order dismissing the appeal and incorporating this letter has been entered as of the date of this letter.